IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

JEWEL GRIFFIN,                        §
                                     §
              Plaintiff,             §
                                     §
v.                                   §    CIVIL ACTION NO. 5:23-CV-016-BQ
                                     §
CORY FURLOW,                         §
                                     §
              Defendant.             §

## REPORT AND RECOMMENDATION

Pro se Plaintiff Jewel Griffin has filed a Complaint seeking relief in this Court, along with

an Application to Proceed *In Forma Pauperis* (IFP). ECF Nos. 1, 2. The United States District

Judge transferred this case to the undersigned for preliminary screening pursuant to 28 U.S.C.

§ 1915. ECF No. 7. The undersigned now recommends that the United States District Judge deny

Griffin's motion to proceed IFP and dismiss this action in accordance with Rule 41(b) of the

Federal Rules of Civil Procedure. Alternatively, the undersigned recommends that Griffin's

claims be dismissed without prejudice for lack of subject matter jurisdiction.

## I.    Procedural History

On January 25, 2023, Griffin filed a Complaint together with an IFP application. ECF Nos.

1, 2. The Complaint names Seminole Police Department Chief Cory Furlow as Defendant and

alleges that Furlow is guilty of racketeering because Griffin has "reported human trafficking for

year and he has block sexual assault exam's at hospital and refuse to call in neccessary enforcement

[sic all]." Compl. 4, ECF No. 1. When prompted to specify what relief she seeks, Griffin answered

that she is unable to work "due to community obstractizing and public corruption in a effort to

gain control over [her] [sic all]." *Id.* Griffin further suggests that she has been harmed in the

following ways: "Taxes, emplo[y]ment [sabotage], mail theft. I have lost children who are victims." *Id.*

Griffin filed an amended complaint on February 27, 2023.[1] ECF No. 5. The Amended Complaint again names Cory Furlow and alleges that he "[b]locked sexual assault exams and refused to call in [necessary] enforcement for human traffickin[g]." Am. Compl. 1, ECF No. 5. Beyond this, Griffin attached two pages to the Amended Complaint with the following factual allegations:

> Your Honor, you asked me to write a brief summary of of what is going on in my case. I have been victimized with a human trafficking in Seminole TX for five years and it's been assisted by police. Chief of Police Cory Furlow blocked a sexual assault exam and choose to ignore the trafficking. My children are victimized as well and children were placed in my home and police ignored it. I tried filing on Mr Furlow and the first judge accepted and then Cindy [Therwhanger] took over the small claims and had a motions hearing in a small claims court and threw the case out. I really just wanted a explanation of why he's blocking sexual assault exams and ignoring human trafficking. I contact the US Attorney Chad Mecham to get charges press or an investigation on Furlow because I am still victimized and no response. I have not work for six months because the government is community obstractizing and isolating me to military with conspiracy to murder. I filed late taxes and they have not come in three months due to the control in this trafficking.
> . . .
> [Y]our Honor they are publicly annocing killing my children.
> . . .
> For the last ten years I have been bullied by military acting in posse comitatus, after my child was stolen in a child trafficking. CPS and my family started taking sexual organs from my children and to cover this they made me victim to surrogacy removal as well. Since then they have been on a conspiracy to murder me to cover it up. I am told my child died by my family as a result of this crime. Since I have been in Seminole TX the police has ignored everything I am telling them and chief of police has blocked my sexual assault exam at the Lubbock University Medical. I have had children placed in my home and have been set up with charges. Although my children live in another part of Texas my family has been traveling with them and bring them to the men running the trafficking and will not let me have any contact. I have been bullied by military with electronic harrassment in

---

[1] This is just one of three cases Griffin filed concurrently. *See Griffin v. Furlow*, No. 5:23-cv-017-H-BQ; *Griffin v. Meacham*, No. 5:23-cv-018-H-BQ. In the other two actions, the undersigned entered orders explaining that vague and conclusory allegations fail to satisfy pleading standards in Rule 8 of the Federal Rules of Civil Procedure and directing Griffin to file amended complaints that clearly indicate what claims are being brought and the grounds upon which they rest. Griffin's Amended Complaint in this action is presumably responsive to those orders.

the home threw tv and anything electronic. I have been raped repeatedly and no where to report it because the police is helping. CPS hit me with a false child support order in Dangerfield TX to steal my daughter is how I know they are assisting. They are killing me in Seminole TX, IRS has given them the right to hold two of my returns since Dec 8,2023 I still have not received my money because they have been isolating me to the trafficking. I have documented this letter and report to your office and my number is [redacted] email [redacted]. Please contact me, before your government female and surrogacy kills me and my children [sic all].

Am. Compl. 1–3 (emphasis omitted). Based on the foregoing, the Court understands Griffin as bringing this action against Cory Furlow because he has failed to act on Griffin's human trafficking allegations and blocked one or more sexual assault exams related to those claims. *See id.*

Griffin's request to proceed IFP is vague—Griffin filled in "$0" for each category relating to both income and expenses, thereby representing that she has no monthly income or expenses but otherwise failing to explain how her basic needs are met. ECF No. 2. The Court therefore entered an order on March 22, 2023, explaining that the IFP application lacks sufficient specificity for the Court to evaluate Griffin's allegation of poverty. ECF No. 8. The Court directed Griffin to file an amended IFP application (or otherwise pay the $402.00 filing fee) on or before April 12 and cautioned that her refusal to do so could "result in a recommendation that this action be dismissed for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b)." *Id.* at 1 (emphasis omitted). Griffin did not comply. The Court then entered a second deficiency order, allowing Griffin an additional seven days to submit the required information and again warning that her failure to do so would result in a recommendation that her case be dismissed. ECF No. 9. As of today's date, Griffin has not submitted an amended IFP application.[2]

---

[2] Of note, Griffin submitted an IFP application that contains incomplete information in each of her three concurrently filed cases. *See supra* note 1. Griffin has failed to comply with orders requiring amendment in any of the three cases.

3

## II.    Discussion

**A. Griffin has not complied with Court orders and has not demonstrated that she is entitled to proceed IFP.**

The Court "may authorize" a plaintiff to proceed "without prepayment of fees," i.e., *in forma pauperis*, in a civil action. 28 U.S.C. § 1915(a)(1). The decision to permit a plaintiff to proceed IFP "is based solely upon economic criteria." *Bell v. Children's Protective Servs.*, 506 F. App'x 327, 327 (5th Cir. 2013) (per curiam). This economic determination centers on "whether the movant can afford the costs [of filing] without undue hardship or deprivation of the necessities of life." *Id.* In evaluating an allegation of poverty, the Court may "conduct reasonable investigations" into a plaintiff's financial status. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016); *see Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (providing that examination of plaintiffs' "financial condition" involves "a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory"). "[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915." *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute*, 28 U.S.C. § 1915(b)(2), *as recognized in Thompson v. Drewry*, 138 F.3d 984, 985–86 (5th Cir. 1998).

The Court cannot properly evaluate Griffin's financial status because she has not supplied adequate information concerning monthly income and expenses. This case has been pending for nearly three months, and despite the Court issuing two deficiency notices, Griffin has not provided the requisite information. It is a "privilege to proceed at the expense of the government[, i.e., the taxpayers,] and the district court has the power to ensure that this privilege is properly granted." *Lay v. Justices-Middle Dist. Ct.*, 811 F.2d 285, 286 (5th Cir. 1987). The Court will not allow the case to proceed due to Griffin's failure to file a properly supported IFP motion or pay the filing

fee. *See, e.g.*, *Newton v. Crosby Cnty. 72nd Dist. Ct.*, No. 5:22-CV-039-H-BQ, 2022 WL 2068518,

at *2 (N.D. Tex. May 12, 2022) ("Because [plaintiff] has not filed a properly supported IFP motion

or paid the filing fee, this case cannot proceed."), *R. & R. adopted by* 2022 WL 2064979 (N.D.

Tex. June 8, 2022); *Jennings v. United States*, No. 5:21-CV-145-H-BQ, 2021 WL 5343487, at *2

(N.D. Tex. Oct. 28, 2021) (recommending dismissal because plaintiff disregarded court orders and

failed "to submit an IFP application that explained the circumstances surrounding his ability to

meet his basic needs without any income or expenses"), *R. & R. adopted by* 2021 WL 5326561

(N.D. Tex. Nov. 16, 2021); *Coleman v. Groom*, No. 3:19-CV-1155-N-BK, 2019 WL 5069065, at

*3 (N.D. Tex. Sept. 18, 2019) (recommending denial of plaintiff's IFP application and dismissal

of the case, where plaintiff "failed to comply with the Court's directive to provide additional

financial information," despite being provided multiple opportunities), *R. & R. adopted by* 2019

WL 5068169 (N.D. Tex. Oct. 9, 2019); *Rush v. Miss. Dep't of Rehab. Disability Determination

Servs.*, No. 3:19-cv-71-HSO-JCG, 2019 WL 3577704, at *5 (S.D. Miss. May 22, 2019) (finding

that plaintiff's "refusal to respond forthrightly and completely to the Court's legitimate inquiry

into the details of his financial situation deprives the Court of helpful information to make a proper

determination and should foreclose [plaintiff] from proceeding *in forma pauperis*"). The district

judge should therefore deny Griffin's motion to proceed IFP and dismiss this action under FED. R.

CIV. P. 41(b).

### B. Griffin's allegations are so wholly frivolous that they deprive the Court of subject matter jurisdiction.

Alternatively, the Court finds that Griffin has not pleaded adequate facts demonstrating

that the Court possesses subject matter jurisdiction over her claims. Griffin names one Defendant:

Seminole Police Department Chief Cory Furlow. Am. Compl. 1. Through Griffin's various

allegations, it appears that she believes that government officials are trafficking her children and

Furlow has assisted in the scheme by "blocking sexual assault exams and ignoring" her claims. *Id.* at 1–3 (emphasis omitted).

Where "a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." *Dilworth v. Dall. Cnty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996); *see Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining that factually frivolous complaints involve allegations which are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible, whether or not there are judicially noticeable facts available to contradict them." (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989))); *Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (providing that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"). That is, federal courts lack subject matter jurisdiction over claims which are "insubstantial, implausible, foreclosed by prior decisions . . . , or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). In such a case, the "court may *sua sponte* dismiss [the] complaint for lack of subject matter jurisdiction." *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-CV-00948-SDJ-CAN, 2021 WL 2232052, at *2 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted by* 2021 WL 2224345 (E.D. Tex. June 2, 2021); *see Richard-Coulibaly v. Alanis*, No. 1:19-MC-11, 2019 WL 3752672, at *2 (E.D. Tex. Aug. 7, 2019) (stating that "when a plaintiff's complaint is facially frivolous and insubstantial, it is viewed as insufficient to invoke the jurisdiction of the federal courts," and that "[t]he Supreme Court has repeatedly held that the federal courts are without power to entertain claims which may otherwise be within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit").

Griffin's Amended Complaint is factually frivolous. Griffin's vague, sweeping references to government involvement in a human trafficking scheme and certain government officials' participation in organized crime are "wholly incredible," particularly given the lack of specific factual support. *See, e.g.*, *Isom*, 2021 WL 2232052, at *2 (finding plaintiff's assertion that the government "us[ed] and allow[ed] others to use her identity for financial gain, resulting in job loss, homelessness, home break-ins, and assassination attempts . . . [constituted] fanciful factual allegations warranting dismissal" for lack of subject matter jurisdiction (internal quotation marks omitted)); *Ahrens v. City of Yorktown*, No. 16–CV–0057–RP–JCM, 2016 WL 10950459, at *3 (W.D. Tex. June 29, 2016) (recommending dismissal for lack of subject matter jurisdiction where plaintiff alleged that various government agencies had "brain raped her, controlled her thoughts and actions, attacked her with directed energy weapons, attempted to murder her by poisoning, sexually assaulted her with lasers, tracked her via satellite, placed cameras in her home, falsified her health records, and placed her under a secret fraudulent guardianship" (internal quotation marks omitted)), *R. & R. adopted by* 2016 WL 10950436 (W.D. Tex. July 19, 2016); *Ruston v. Dall. Cnty.*, No. 3:07-CV-1076-D, 2008 WL 958076, at *1, *3 (N.D. Tex. Apr. 9, 2008) (dismissing "factually frivolous" racketeering, conspiracy, and constitutional claims against government officials where plaintiff claimed they kidnapped, tortured, and attempted to kill him).

The Court has provided Griffin the chance to amend, and any additional opportunity would be futile given the Court's lack of subject matter jurisdiction. *See, e.g.*, *Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021) (per curiam) (noting that "leave to amend is not required when an amendment would be futile" such as when the plaintiff "has asserted claims that are clearly baseless"), *cert. denied*, 142 S. Ct. 216 (2021); *Chavez v. Aslam*, No. 3:21-CV-892-C-BK, 2021 WL 4994445, at *3 (N.D. Tex. Sept. 21, 2021) (noting that "granting leave to amend would

7

be futile and cause needless delay" because plaintiff's claims were "nonsensical and border[ed] on the delusional"), *R. & R. adopted by* 2021 WL 4991512 (N.D. Tex. Oct. 27, 2021); *Hill v. Obama*, No. 5:11cv211, 2011 WL 6969691, at *1 (E.D. Tex. Dec. 21, 2011) ("Although the Court would ordinarily allow a pro se plaintiff to amend his complaint to properly assert jurisdictional allegations, given the fantastic and delusional allegations contained in this case, the Court finds it would be futile to allow Plaintiff to amend."), *R. & R. adopted by* 2012 WL 73106 (E.D. Tex. Jan. 10, 2012); *see also Flowers v. Acuity Brands Lighting*, No. 3:19-CV-2090-S-BK, 2019 WL 10835996, at *2 (N.D. Tex. Oct. 1, 2019) (finding that permitting pro se plaintiff "leave to amend would be futile and cause needless delay," where plaintiff's allegations "clearly demonstrate[d] a lack of subject matter jurisdiction"), *R. & R. adopted by* 2020 WL 5983203 (N.D. Tex. Oct. 8, 2020).

### III.    Recommendation

Because Griffin has not complied with Court orders and has not demonstrated she is entitled to pauper status, the undersigned recommends that the United States District Judge deny Griffin's motion to proceed IFP and dismiss this action without prejudice under FED. R. CIV. P. 41(b). Alternatively, the undersigned recommends that the United States District Judge dismiss without prejudice Griffin's Amended Complaint and all claims therein for lack of subject matter jurisdiction. Finally, the undersigned recommends that the United States District Judge deny as moot Griffin's pending Motion for the Appointment of Counsel. ECF No. 6.

### IV.    Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: April 26, 2023.

_____

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**